UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 15-9821 DSF (JCx) | Date | 4/27/16 |
| Title | Juan Martin Vazquez v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING IN PART and DENYING IN PART Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (Dkt. 18)

Defendant Wells Fargo Bank, N.A. moves to dismiss Plaintiff Juan Martin Vazquez's claims related to the foreclosure sale of his property. The Court finds the motion suitable for disposition without a hearing. The motion is granted in part and denied in part.

## I. FACTUAL ALLEGATIONS

In 2007, Plaintiff refinanced a four-unit[1] residential property where he, two tenants, and his brother and sister-in-law lived. Compl. ¶¶ 8, 42. Plaintiff fell behind on his mortgage payments, and in September 2013, he called Wells Fargo seeking a loan modification. Compl. ¶ 9. He was transferred to Wells Fargo employee Kimberly Kuhle, who told him that she would handle his case. Id. On September 15, 2013, Plaintiff sent his first modification application to Kuhle by fax. Id.

---

[1] The property is described as having three units, but Plaintiff's brother and sister-in-law were apparently separately occupying the pool house.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Kuhle apparently lost or did not receive the application, so Plaintiff re-faxed it twice more and followed up between September and December 2013. See Compl. ¶¶ 10, 11, 12. On Kuhle's advice, Plaintiff also applied for help through other relief programs. Compl. ¶ 12. Wells Fargo neither accepted nor denied any of Plaintiff's applications. Compl. ¶ 13. Instead, it recorded a notice of default in July 2014. Compl. ¶ 14. When Plaintiff learned of the default notice, he contacted Kuhle, who again said she did not have Plaintiff's paperwork. Compl. ¶ 15.

In December 2014 and January 2015, Plaintiff was contacted by someone from "RBC Law Firm," who offered to help him. Compl. ¶¶ 17, 18. With his property scheduled for a foreclosure sale on February 2, 2015,[2] Plaintiff signed a retainer agreement with RBC for "predatory lending litigation." Compl. ¶¶ 17, 18, 19, 20. A few days later, Plaintiff called Wells Fargo to find out the amount he needed to pay to bring the loan current. Compl. ¶ 20. About a week later, he received from Wells Fargo a "payoff statement" rather than the arrears amount. Id. Plaintiff contacted Kuhle again on January 25, 2015, concerned about the scheduled foreclosure sale, and Kuhle asked him to fax his modification application for a fourth time. Compl. ¶ 21.

On March 3, 2015, Plaintiff attempted to call RBC, but the phone was answered by Nelson Diaz, an employee of a company called US Legal Network. Compl. ¶ 23, 24. Diaz contacted Wells Fargo and determined that a foreclosure sale was still scheduled. Compl. ¶ 24. Diaz submitted another loan modification application for Plaintiff on March 5, 2015. Compl. ¶ 26. Wells Fargo then allegedly passed Plaintiff's information to Defendant Jonathon Rios, who was working for Defendants Wedgewood and Westridge (the eventual buyers of Plaintiff's property), even as Wells Fargo was transferring calls to him. Compl. ¶¶ 27, 33. Diaz continued to communicate with Rios, providing him information under the assumption that Rios was working for Wells Fargo. Compl. ¶ 30.

By March 20, 2015, Plaintiff decided to start contacting Wells Fargo directly again. Compl. ¶ 31. He had raised approximately $30,000 from his church and business partners and wanted to pay the arrearage. Compl. ¶¶ 31, 32, 35. He repeatedly called Wells Fargo and was told he had to speak with Kuhle. Id. He was transferred to her voicemail repeatedly, where he left multiple messages indicating that he had raised the arrearage and wanted to pay. Id.

The calls were not returned, and the trustee sale was conducted on March 30, 2015. Compl. ¶ 37. The next day, Rios arrived at Plaintiff's property and identified himself as the "new owner." Compl. ¶ 38.

---

[2] The sale date was postponed several times until March 30, 2015, when the sale occurred. Compl. ¶ 37.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MEMORANDUM

## II.   LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (ellipsis in original; internal quotation marks omitted). But Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. But a complaint is insufficient "if it tenders naked assertion[s] devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Allegations of fraud are excepted from the "notice pleading" standard of Rule 8(a)(2). Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 513 (2002). Rule 9(b) requires that, when fraud is alleged, a party must state with particularity the circumstances constituting fraud. The allegations must "be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged. A party alleging fraud must set forth more than the neutral facts necessary to identify the transaction." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (alterations, citations, and internal quotation marks omitted). In addition, claims that fall under Rule 9(b) must meet Iqbal's plausibility standard. Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1055 (9th Cir. 2011).

## III.   DISCUSSION

Wells Fargo moves to dismiss Plaintiff's claims for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.; the Homeowners Bill of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Rights (HBOR), Cal Civ. Code § 2933.55, et seq.; the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, and common law claims for fraud and negligence.

### A. FDCPA

The FDCPA prohibits certain harassment, misrepresentations, and unfair practices by debt collectors. See 15 U.S.C. § 1692(e)-(f). Debt collectors are defined as those who collect debts owed to another. 15 U.S.C. § 1692(a)(6). Plaintiff does not allege that Wells Fargo was attempting to collect the debt of another, nor does he allege that Wells Fargo engaged in any of the practices prohibited by 15 U.S.C. § 1692(e)-(f). At most, he alleges that Wells Fargo improperly shared his personal information with Rios and the other defendants, Compl. ¶¶ 67-68; but he does not explain how that fits into any of the conduct specifically prohibited by the statute.
The FDCPA claim is DISMISSED with leave to amend.

### B. HBOR

Plaintiff alleges multiple violations of California statutory protections including a prohibition on "dual tracking" and on interfering with payment of debts in arrears. Wells Fargo argues that Plaintiff failed to adequately allege that the mortgage at issue was a first lien secured by an owner-occupied dwelling as required by Cal. Civ. Code § 2924.15(a). Def.'s Mot. at 5:5-11. But Plaintiff pleaded sufficient facts regarding occupancy and the lien. See Compl. ¶¶ 8, 42; Ex. B.[3]
Section 2923.55(a)(3) and Section 2924.18(a)(1) prohibit the recording of a default notice and trustee sale while an application for a loan modification is pending. Plaintiff alleges that he filed an application for a modification on at least three occasions prior to the recording of the first default notice, but he never received a response to his applications. Compl. ¶¶ 10-12. Wells Fargo also allegedly failed to respond to applications filed after the default notice was recorded but prior to the trustee sale. Compl. ¶ 73. Wells Fargo argues that Plaintiff failed to allege that his application was "complete," as required by statute. Def.'s Mot. at 6:6-13. But the Court – and Wells Fargo – can reasonably infer that Plaintiff believes his applications were complete as defined by Cal. Civ. Code § 2923.6(h), given that Wells Fargo never requested additional information. See Iqbal, 556 U.S. at 678 (explaining complaint must only plead content sufficient to draw reasonable inference that defendant is liable).

---

[3] The first deed of trust was executed in favor of World Savings Bank, FSB, which was acquired by Wells Fargo. Compl. ¶ 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Section 2924c permits debtors to avoid a foreclosure sale by paying all arrears and fees up to five days before the date of the trustee sale. Plaintiff alleges that he contacted Wells Fargo and asked for the arrearage balance in February 2015, but Wells Fargo failed to notify him of that amount. Compl. ¶ 20. He started calling on March 20, 2015 – 10 days before the trustee sale – in an effort to pay the arrearage after raising $30,000 from his church and business partners. Compl. ¶ 30-35. But Kuhle did not respond and Plaintiff was unable to get anyone else at Wells Fargo to assist him before the trustee sale was conducted. Plaintiff sufficiently pleads that he unconditionally and unambiguously offered to pay the reinstatement amount. Cf. Carson v. Bank of Am. NA, 611 F. App'x 379, 381 (9th Cir. 2015) (finding borrowers failed to allege they availed themselves of statutory safeguards).

Plaintiff adequately states an HBOR claim.

### C. Fraud and Conspiracy

Plaintiff alleges that Wells Fargo conspired with Rios and the other Defendants to defraud him and prevent him from curing the arrearage or modifying his loan. Compl. ¶¶ 80, 87. "Civil conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510-11 (1994). The heightened pleading requirements of Rule 9 apply to an alleged conspiracy to commit fraud. See Wasco Products, Inc. v. Southwall Techs., Inc., 435 F.3d 989, 991 (9th Cir. 2006). To plead intentional misrepresentation, a plaintiff must plead: "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." Anderson v. Deloitte & Touche LLP, 56 Cal. App. 4th 1468, 1474 (1997) (citation omitted).

Plaintiff alleges that Wells Fargo defrauded him by passing his loan modification application and other information to Rios, who was working for (or was) the buyer in the trustee sale. Compl. ¶ 80. He seems to suggest that Wells Fargo made misrepresentations regarding Rios and the processing of his loan modification. But Plaintiff fails to identify the specific misrepresentations at issue here or to plead that Wells Fargo knew the statements were false. Fraud and conspiracy to commit fraud must be pleaded with particularity. See Fed. R. Civ. P. 9(b).

The fraud claim is DISMISSED with leave to amend.

### D. Gramm-Leach-Bliley and Negligence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Plaintiff makes separate claims for negligence[4] and violation of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq., but in response to Wells Fargo's motion, Plaintiff concedes that there is no private right of action under the Act. Instead, he argues that the Act is the basis of a duty of care. Pl.'s Opp. at 9:21-22:8. The Act generally requires financial institutions to keep nonpublic personal information confidential unless they have permission to disclose the information. See 15 U.S.C. § 6802. Plaintiff alleges that Wells Fargo negligently disclosed his private information to Rios. Compl. ¶ 99.

Plaintiff relies on Lamarque v. Centreville Sav. Bank, 22 A.3d 1136, 1140 (R.I. 2011) for the proposition that the Act can support a common law negligence claim, but the Rhode Island court upheld dismissal of the plaintiff's claim. In California, a duty of care may be found in a statute. See Vesely v. Sager, 5 Cal. 3d 153, 164 (1971), overturned on other grounds (2002); Cal. Evid. Code § 669. But statutes have most often been used to support a duty when they are safety laws intended to prevent accidental injury. Sierra-Bay Fed. Land Bank Assn. v. Super. Ct., 227 Cal. App. 3d 318, 333-34 (1991) (finding no private right of action for violation of federal law where pre-emption applies and federal government declined to recognize cause of action). Even assuming a federal privacy statute could support a negligence claim here, Plaintiff fails to adequately allege that the disclosure of his personal information was the cause of his injury or that the statute was designed to prevent the type of injury he suffered. See Cal. Evid. Code § 699(a)(2)-(3). Plaintiff fails to adequately allege negligence based on the Act.

Plaintiff makes other negligence allegations based on Wells Fargo's failure to inform him about his modification application and Kuhle's failure to answer calls, Compl. ¶ 100, but those claims also fail. As Plaintiff acknowledges in his opposition at 10:22-11:3, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Lueras v. BAC Home Loans Servicing, LP, 221 Cal. App. 4th 49, 63 (2013) (punctuation and citation omitted). A lender has no common law duty to offer, consider, or approve a loan modification, id. at 67, and Plaintiff offers no explanation of how a duty arises here.

Plaintiff's Gramm-Leach-Bliley claim is DISMISSED with prejudice. The negligence claim is DISMISSED with leave to amend.

### IV. CONCLUSION

---

[4] Plaintiff's claim for negligence includes a citation regarding negligent misrepresentation, a separate fraud tort, but he cites the negligence elements and only argues negligence in his Opposition. The quote and citation at the end of paragraph 97 are stricken pursuant to Fed. R. Civ. P. 12(f).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

Defendant's motion is granted in part and denied in part.  The FDCPA, fraud/conspiracy, and negligence claims are dismissed with leave to amend consistent with this order.  An amended complaint must be filed and served no later than May 23, 2016.  Failure to file by that date will waive the right to do so.  The Court does not grant leave to add new defendants or new claims.  Leave to add defendants or new claims must be sought by a separate, properly noticed motion.

IT IS SO ORDERED.